IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT GENE ROSS,

    Plaintiff,

v.                                                  No. CV 09-0085 MV/GBW

METRO DETENTION CENTER (BERNALILLO CO.).
SGT AL GRANT (SGT AT MDC),
CHIEF RON TORRES (WARDEN AT MDC),
JOHN DOE (TO BE NAMED LATER),

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 540, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards

applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint asserts two claims based on allegations of use of excessive force. Plaintiff alleges that Defendant Grant twice sprayed him with mace for no valid reason. He contends that these actions violated certain of his constitutional and statutory protections. The complaint seeks damages and equitable relief.

No relief is available on Plaintiff's claims against Defendant Metro Detention Center. "[A] detention facility is not a person or legally created entity capable of being sued." *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000), *quoted in White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001). For purposes of this order, therefore, Plaintiff's allegations against the detention center are construed as directed at the County itself. The County cannot be held liable for the asserted violations because Plaintiff makes no allegations that Defendant Grant acted pursuant to "some official policy or custom [that] was the moving force behind the violation." *Stevenson v. Whetsel*, 52 F. App'x 444, 446 (10th Cir. 2002). The Court will dismiss Plaintiff's claims against the Detention Center.

The complaint contains no allegations against Defendants Torres or Doe affirmatively linking them to the asserted violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id.* "[T]o present a plausible right to relief . . . . , it is particularly important . . . that the complaint make

clear exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (internal citations omitted). The Court will dismiss Plaintiff's claims against Defendants Torres and Doe.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Metro Detention Center, Torres, and Doe are DISMISSED with prejudice; and Defendants Metro Detention Center, Torres, and Doe are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with a copy of the complaint, for Defendant Grant.

_____
MARTHA VAZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

3