IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT GENE ROSS,

    Plaintiff,

v.                                                            No. CV 09-0085 MV/GBW

AL GRANT, Sgt. at Metropolitan
Detention Center,

    Defendant.

PROPOSED FINDINGS AND RECOMMENDATION

This matter is before the Court *sua sponte*. On January 23, 2009, Mr. Ross filed a complaint in which he alleged that Defendant Grant violated his constitutional rights while Plaintiff was a detainee at the Bernalillo County Metropolitan Detention Center. *Doc. 1*. Due to Plaintiff's repeated failure to keep his address current with the Court throughout the litigation of his claim, I recommend this matter be dismissed without prejudice.

In April of 2009, Judge Scott, who was previously assigned to this case, issued an order requiring Plaintiff to show cause why the case should not be dismissed due to Plaintiff's failure to keep a current address with the Court. *Doc. 6*. That Order was prompted by the return as undeliverable of official court mail sent to Plaintiff's address of record. *Id.; see also Doc. 4, 5*. Seven days after the entry of the Order, Plaintiff filed a Notice of Change of Address which updated his record address. *Doc. 7*. Based upon the update

and Plaintiff's assurance that he would keep his address current, the Court quashed the Order to Show Cause. *See Doc. 14, 15.*

On January 21, 2010, the Order for Martinez Report, which had been mailed to Plaintiff in November 2009 at his address of record, was returned as undeliverable. *Doc. 24.* On January 29, 2010, the Court issued a second Order to Show Cause why the case should not be dismissed due to Plaintiff's failure to keep a current address with the Court. *Doc. 25.* That order was mailed to Plaintiff's address of record. On February 16, 2010, Plaintiff's copy of the Order to Show Cause was returned as undeliverable. *Doc. 26.* To date, Plaintiff has filed no response to the Order and has filed no pleadings since August of 2009.

Mr. Ross has been advised repeatedly to keep his address current with the Court as required by D.N.M.LR-Civ 83.6. His failure to comply with the Court's local rules indicates a lack of interest in litigating his claims, and the Court has authority to dismiss his claims for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962)("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *U.S. ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005)("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules."); *see also Childs v. Ortiz*, 259

F. App'x 139, 141 (10th Cir. 2007).

    I THEREFORE RECOMMEND that Plaintiff's case be dismissed without prejudice.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

_____
UNITED STATES MAGISTRATE JUDGE